IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODESSA BROWN II,<br><br>      Plaintiff,<br><br>  v.<br><br>SALINAS VALLEY STATE PRISON, et al.,<br><br>      Defendants. | No. C 05-1423 CW (PR)<br><br>ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF AND ADDRESSING RELATED PENDING MOTIONS<br><br>(Docket nos. 58, 76, 80, 85) |

INTRODUCTION

Plaintiff William Odessa Brown II, a state prisoner currently incarcerated at the Correctional Training Facility (CTF), filed this pro se civil rights action when he was incarcerated at Salinas Valley State Prison (SVSP).

Before the Court are Plaintiff's motions for injunctive relief (docket nos. 58, 76).[1]

The Ninth Circuit has held that requests for injunctive relief may be satisfied by either of two sets of criteria. The "traditional" test requires the movant to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movant; and (4) show that granting the injunction favors the public interest. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). The "alternative"

---

[1] Plaintiff's motions to submit declarations and exhibits in support of his May 1, 2007 motion for injunctive relief (docket nos. 80, 85) are GRANTED.

1 test requires that the movant demonstrate either a combination of
2 probable success on the merits and the possibility of irreparable
3 injury, or that serious questions are raised and the balance of
4 hardships tips sharply in his favor.  <u>Diamontiney v. Borg</u>, 918 F.2d
5 793, 795 (9th Cir. 1990); <u>Alaska v. Native Village of Venetie</u>, 856
6 F.2d 1384, 1388 (9th Cir. 1988); <u>American Motorcyclist Ass'n v.</u>
7 <u>Watt</u>, 714 F.2d 962, 965 (9th Cir. 1983).  These two formulations
8 represent two points on a sliding scale in which the required
9 degree of irreparable harm increases as the probability of success
10 decreases.  <u>Diamontiney</u>, 918 F.2d at 795.

11      Plaintiff filed his first motion for injunctive relief (docket
12 no. 58) on October 23, 2006.  In that motion, Plaintiff alleges he
13 was transferred from Kern Valley State Prison (KVSP) to CTF on
14 September 21, 2006.  (Oct. 23, 2006 Mot. for Inj. Relief at 1.)  He
15 claims that, at the time he drafted the motion, his personal
16 property and legal materials were still at KVSP.  (<u>Id.</u>)  He
17 requests the Court to order the prison officials at KVSP to forward
18 his property to CTF so that he can continue to prosecute this
19 action.  (<u>Id.</u> at 3.)

20      On May 1, 2007, Plaintiff filed another motion for injunctive
21 relief (docket no. 76) in which he alleges that CTF mailroom
22 staff's opening of his "legal mail" from this Court and from
23 Defendants is a violation of his rights to "confidentiality" and
24 access to the courts.  (May 1, 2007 Mot. for Inj. Relief at 2.)  He
25 claims that he "will not accept any legal mail that is being
26 presented to him as regular mail, not logged and/or stamped
27 received by the institution, and MOST IMPORTANTLY OPENED."  (<u>Id.</u> at
28 3.)  He requests an injunction ordering prison officials at CTF "to

2

comply with the Rules and Regulations that have been set in place . . . for the processing and accepting [of] Petitioners [sic] Legal Mail."  (Id. at 4.)

A party seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).  Plaintiff's requests are unrelated to the subject of this action -- a claim of deliberate indifference to his safety against prison officials at SVSP.  Therefore, injunctive relief is improper because his requests do not pertain to the issues as framed by his first amended complaint and are sought against persons who are not Defendants in this action.  See Kaimowitz v. Orlando, Fl., 122 F.3d 41, 43 (11th Cir. 1997), cert. denied, 523 U.S. 1138 (1998) ("a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit"); Devose, 42 F.3d at 471 (prisoner's request for injunction against retaliation for lawsuit was properly denied because not related to medical care issue of complaint).  Accordingly, his motions for injunctive relief (docket nos. 58, 76) are DENIED.

The Court notes that Plaintiff has continued to prosecute this action by filing multiple documents with the Court after he filed his October 23, 2006 motion for injunctive relief.  Furthermore, he no longer complains of a lack of access to his legal property. Therefore, the Court assumes that Plaintiff's personal property and legal materials were sent to him at CTF.  If Plaintiff has not received his property, he needs to direct his request to the United States District Court for the Eastern District of California,

3

rather than this Court, because KVSP in located in the Eastern District.

The Court further notes that under either test outlined above, there is no likelihood of success on the merits based on the allegations in his May 1, 2007 motion for injunctive relief. The opening of Plaintiff's mail from the Court and from Defendants did not result in any actual injury to Plaintiff and, therefore, was not a violation of his constitutional right of access to the courts. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) (prison officials may open and inspect mail to prisoner from courts outside prisoner's presence because mail from courts, as opposed to mail from a prisoner's lawyer, is not "legal mail"). Plaintiff has failed to show a possibility of irreparable injury; therefore, his May 1, 2007 motion for injunctive relief is without merit.

## CONCLUSION

1. Plaintiff's motions for injunctive relief (docket nos. 58, 76) are DENIED. The pending motions related to his May 1, 2007 motion for injunctive relief, including the motions to submit declarations and exhibits (docket nos. 80, 85), are GRANTED.

2. This Order terminates Docket nos. 58, 76, 80 and 85.

IT IS SO ORDERED.

DATED: 9/25/07

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BROWN,

        Plaintiff,

v.

SALINAS VALLEY STATE PRISON et al,

        Defendant.

Case Number: CV05-01423 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 25, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sara Ugaz
Attorney General's Office
Correctional Law Section
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102

William Odessa Brown K-93463
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960-0705

Dated: September 25, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk