IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODESSA BROWN II,<br>           Plaintiff,<br>   v.<br>SALINAS VALLEY STATE PRISON, et al.,<br>           Defendants. | No. C 05-1423 CW (PR)<br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND ADDRESSING PENDING MOTIONS<br>(Docket nos. 72, 82, 86) |

Plaintiff William Odessa Brown II, a state prisoner currently incarcerated at the Correctional Training Facility (CTF), filed this pro se civil rights action when he was incarcerated at Salinas Valley State Prison (SVSP). In an Order dated January 19, 2006, the Court granted Plaintiff's motion to proceed in forma pauperis and found that Plaintiff presented a cognizable claim of deliberate indifference to his safety. The Court dismissed Plaintiff's claims related to false charges, property loss, and the administrative appeals process. On April 21, 2006, the Court issued an order for service of Plaintiff's deliberate indifference claim. On June 20, 2006, Defendants filed their answer.

Before the Court is Defendants' motion pursuant to Federal Rules of Civil Procedure 12(b) to dismiss Plaintiff's complaint for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).[1] Plaintiff has filed an opposition, and

---

[1] Deputy Attorney General Sara Ugaz represents and has acknowledged service on behalf of Defendants Glenn and Godinez, who are the only Defendants moving for dismissal. Although in its April 21, 2006 Order the Court ordered the complaint to be served on Defendants Ramerez, Holmes, Allen, Ortiz, and Melrow, counsel states that to her knowledge none of them has been served.

Defendants have filed a reply.  For the reasons discussed below, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

The Court summarized the facts alleged by Plaintiff as follows:

> In his first amended complaint Plaintiff alleges that on August 2, 2004, he was placed in administrative segregation (ad seg) based on allegations of sexual misconduct with other inmates by a confidential informant. Plaintiff was placed in ad seg for security reasons while the accusations were investigated. When Plaintiff was moved into ad seg his property was removed from his cell but he was not issued any receipts. Subsequently, Plaintiff received only part of his property back.
>
> On August 12, 2004, Plaintiff was told there was not enough evidence to support the allegations of misconduct against him and he was moved to a cell in Facility B. The prior occupant of the cell had been removed by force earlier in the day and officers had used pepper spray during the process. Plaintiff alleges that all of the items in the cell, including the bedding and the walls, were covered in toxic residue but he and his cellmate were refused cleaning supplies and new mattresses for several days. As a result, Plaintiff suffered from an "unbearable burning" of his eyes, nose, throat and genitalia.
>
> Plaintiff attempted to file administrative appeals on the matters of his missing property and exposure to the pepper spray but the appeals coordinators repeatedly returned his appeals to him for technical reasons and would not send them to the next level for review.  Thus, Plaintiff concedes that he has not exhausted his administrative remedies but faults the Defendants for his failure to do so.

(Jan. 19, 2006 Order at 1-2.)

## DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other

2

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 548 U.S. 81, ___, 126 S. Ct. 2378, 2382 (2006). "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." Id. at 2387. Therefore, the PLRA exhaustion requirement requires proper exhaustion. Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386 (footnote omitted); Jones v. Bock, 127 S. Ct. 910, 922-23 (2007) (compliance with prison grievance procedures is required by the

3

PLRA to "properly exhaust"). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. Jones, 127 S. Ct. at 923.

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation (CDCR). Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

4

In the present case, Defendants correctly raise non-exhaustion in an unenumerated motion to dismiss. Defendants argue that Plaintiff did not properly exhaust his administrative remedies prior to the filing of his complaint as mandated by § 1997e(a).

Plaintiff alleges that he was unable to submit a 602 inmate appeal relating to his deliberate indifference claim because SVSP's Appeals Coordinators "refused to accept the plaintiff's appeals." (Am. Compl. at 8.)[2] Plaintiff claims that he "sent his appeals on the following dates, 29 Aug. 2004, 24 Sept. 2004, 27 Oct. 2004, and on 18 Nov., 2004" but "the appeal was never returned or filed after the 18th November 2004 submission." (Id.)

The record shows that Plaintiff filed a 602 appeal form dated August 29, 2004[3] relating to his ad seg placement, pepper spray exposure, and lost property. (Apr. 18, 2007 Opp'n Attach., 602 Appeal Form dated August 29, 2004.)[4] The 602 appeal form was stamped "DELIVERED" on September 24, 2004, October 5, 2004 and October 27, 2004, and it was stamped "REC'D" on August 27, 2004, October 6, 2004 and September 28, 2004. (Id.)

On August 27, 2004, Plaintiff's 602 appeal was screened out by D. M. Mantel, former SVSP Appeals Coordinator. (Am. Compl. Ex. "Appeals," First Notice on Inmate/Parolee Appeals Screening Form at

---

[2] Certain pages of Plaintiff's amended complaint are not numbered; therefore, the Court has renumbered it starting with "1" on the first page.

[3] Plaintiff post-dated his appeal because the record shows that the 602 appeal was received on August 27, 2004. Plaintiff concedes that this was an "error in date or filing on behalf of the Plaintiff." (Jan. 22, 2007 Opp'n at 3.)

[4] Plaintiff's motion to submit exhibits in opposition to Defendants' motion to dismiss (docket no. 86) is GRANTED.

5

1  "42" and "58.")[5]  According to Mantel, Plaintiff's 602 appeal was
2  being returned to him because it was "unclear" and it "contain[ed]
3  more than 1 additional page."  (Id.)  Mantel also instructed
4  Plaintiff to "be brief."  (Id.)  The Inmate/Parolee Appeals
5  Screening Form was delivered to Plaintiff on September 24, 2004,
6  and his 602 appeal form was returned to him on that same date.
7  (Id.)

8  On September 24, 2007, Plaintiff resubmitted his 602 appeal
9  and attached a memo stating, "all supporting documents have been
10 remove [sic] per the oder [sic] of the Appeals Coordinator CC II
11 D.M. Mantel."  (Am. Compl. Ex. "Appeals," Pl.'s Sept. 24, 2007 Memo
12 at "45" and "60.")

13 On September 28, 2004, Mantel responded with a two-page
14 memorandum relating to Plaintiff's "multiple appeals."  (Am. Compl.
15 Ex. "Appeals," Mantel's Sept. 28, 2004 Memo at "45" - "46.")
16 Referring to the resubmitted 602 appeal, Mantel noted:

> 602 #1 is a multi issue appeal.
>
> Part 1 is re:  ASU[6] placement.
> Part 2 is re:  property.
> Part 3 is re:  the condition of the cell in ASU
>                when you arrived.
>
> You must limit 1 issue per 602.

(Id. at "45" (footnote added).)

On October 6, 2004 and November 1, 2004, Mantel issued second

---

[5] The page numbers written on Plaintiff's exhibits are inaccurate and, at times, illegible.  Furthermore, Plaintiff sometimes puts two page numbers for each document.  Therefore, the Court will note both page numbers if they are legible.

[6] ASU stands for the Administrative Segregation Unit.

6

and third notices on the Inmate/Parolee Appeals Screening Form, stating that Plaintiff's 602 appeal was being returned to him because, in addition to the reasons in the first notice, the 602 appeal "contain[ed] more than 1 issue."[7] (Am. Compl. Ex. "Appeals," Second and Third Notices on Inmate/Parolee Appeals Screening Form at "47" and "61.") Mantel added, "Insults are not necessary. Please follow directions." (Id.) The second and third notices were delivered to Plaintiff on October 27, 2004 and November 17, 2004, respectively.[8] (Id.)

Plaintiff alleges that on October 27, 2004, he filed a separate 602 appeal form for each of his claims. He attached a memo to the appeals, stating:

> The enclosed documents are being returned to your office as instructed. I have signed all of the documents but they have not been dated due to you did not make it clear as to what date you want to file the Appeals. I also have enclosed the supporting documents as well. You can use what you want to use and return what is not needed. Aply [sic] the supporting documents as needed, they have been provided for you.
>
> This is the best way I see fit to have my Appeals filed and addressed.

(Apr. 18, 2007 Opp'n Attach., Memo dated October 27, 2004.) The

---

[7] It is not clear from the record which reasons were included in the second notice and which were in the third notice.

[8] The Court notes that the Inmate/Parolee Appeals Screening Form also has a received stamp, "REC'D NOV - 1 2004." (Am. Compl. Ex. "Appeals," Inmate/Parolee Appeals Screening Form at "47" and "61.") The other screening form delivered to Plaintiff on September 24, 2004 has no received stamp. (Id., Inmate/Parolee Appeals Screening Form at "42" and "58.") The parties do not explain this inconsistency, and there is no declaration from Mantel explaining what was received on November 1, 2004.

7

memo was stamped "REC'D NOV - 1 2004."[9]  (Id.)  One of the three attached 602 inmate appeal forms relates to Plaintiff's deliberate indifference claim, and it is dated October 27, 2004.  (Apr. 18, 2007 Opp'n Attach., 602 Appeal Form (relating to the Aug. 13, 2004 incident) dated October 27, 2004.)  There are no "DELIVERED" or "REC'D" stamps on this 602 appeal form.  (Id.)  Plaintiff claims that his appeal was "rejected by D. M. Mantel and/or T. Variz." (Opp'n at 4.)

On November 18, 2004, Plaintiff resubmitted his appeals and directed the Appeals Coordinator to "attach the supporting documents as you see fit and return what you don't need for the appeal issue."  (Am. Compl. Ex. "Appeals," Pl.'s letter to Appeals Office dated November 18, 2004 at "72.")  Plaintiff claims "the appeal was never returned or filed after the 18th November 2004 submission."  (Am. Compl. at 8.)

Plaintiff alleges he "submitted his complaint with the Warden of the institution on November 21, 2004."  (Id.; Am. Compl. Ex. "Exhaustion," Plaintiff's Nov. 21, 2004 letter to "J. Woodward" at "6.")  However, he alleges that "the appeals were never addressed nor filed or returned from this office, or forwarded to the Appeals office."  (Am. Compl. at 8.)

Plaintiff also sent copies of the appeals to CDCR Chief of the Inmate Appeals Branch N. Grannis on November 24, 2004.  (Am. Compl. at 8.)  Plaintiff claims that on February 5, 2005, Grannis

---

[9] The Court notes that the "REC'D NOV - 1 2004" stamp on Plaintiff's memo is identical to the "REC'D NOV - 1 2004" stamp on the Inmate/Parolee Appeals Screening Form.  (Am. Compl. Ex. "Appeals," Inmate/Parolee Appeals Screening Form at "47" and "61.")

8

"returned the appeal" and that it "was not addressed" because "[t]he Chief of Inmate Appeals refused to accept the plaintiffs [sic] appeals." (Am. Compl. at 8.) The record shows that Grannis sent Plaintiff a letter dated February 5, 2005 stating, "[t]his appeal should be submitted directly to the Appeals Coordinator for review and appropriate action." (Am. Compl. Ex. "Exhaustion," Grannis's February 5, 2005 letter to Plaintiff at "7.")

Plaintiff filed a complaint with the California Victim Compensation and Government Claims Board (Board) on February 24, 2005. (Am. Compl. at 8; Am. Compl. Ex. "Exhaustion," Pl.'s Board Claim Form at "26" to "28.") Plaintiff claims that his Board Claim is "still pending." (Am. Compl. at 8.) In a letter dated March 14, 2005, the Board stated, "Board staff recommends the claim be rejected because the claim raises complex issues of fact and law that should be resolved through formal legal action." (Am. Compl. Ex. "Exhaustion," Board's Response dated Mar. 14, 2005 at "30.") In a letter from the Board dated April 21, 2005, Plaintiff was informed that there would be a Board meeting about his claim on May 2, 2005 and that he would be receiving written notification of the Board's decision within three weeks of the meeting. (Am. Compl. Ex. "Exhaustion," Board's Response dated Apr. 21, 2005.) There is nothing further in the record informing the Court of the Board's decision.

On March 27, 2005, Plaintiff sent a letter to the CDCR, ATTN: "J. Woodward," stating that his claim has "not been addressed or resolved" and he was giving notice that Plaintiff was going to sue "J. Woodward," the CDCR, and SVSP for "not handling the issues that

remains [sic] unsolved."  (Am. Compl. Ex. "Exhaustion," Pl.'s letter to "J. Woodward" dated Mar. 27, 2005 at "23.")

In support of their motion to dismiss, Defendants have filed declarations by Grannis as well as SVSP Appeals Coordinators Eloy Medina and T. Variz.[10]

According to Variz, "[t]he Appeal's Coordinator's Office at Salinas Valley State Prison has no record that inmate Brown submitted the inmate appeal that is attached to his Complaint and dated October 27, 2004. . . ."  (Variz Decl. ¶ 5.)  He adds, "I do not believe that inmate Brown actually submitted this appeal to our office because it is missing the date stamp and category number that we put on all appeals submitted to our office, even the ones that are screened out."  (Id.)

Grannis reviews all appeals filed with the Director, the highest level of appeal available to California prisoners.  (Grannis Decl. ¶¶ 1, 2.)  Grannis attests that a search of the database containing records of all administrative appeals filed with the Director was conducted and that the search produced proof that Plaintiff has exhausted a total of seventeen inmate appeals.  (Id. at ¶ 3.)  Of these appeals, Grannis states that Plaintiff has exhausted three inmate appeals arising out of SVSP in 2004.  (Id. at ¶ 4.)  According to Grannis, "[n]one of the three exhausted inmate appeal deal with Plaintiff's exposure to pepper spray on or around August 13, 2004."  (Id.)

---

[10] Defendants have only attached Medina's declaration to their renewed motion to dismiss; therefore, the Court refers to Grannis's and Variz's declarations previously submitted with the original motion to dismiss (docket nos. 51, 52).

10

The Court finds that Plaintiff has failed to demonstrate that he has exhausted his administrative remedies with respect to his deliberate indifferent claim prior to filing this suit. Even accepting Plaintiff's allegations as true, he failed to complete the administrative review process in accordance with SVSP's applicable procedural rules.

Plaintiff's initial appeal dated August 29, 2004 relating to his deliberate indifference claim failed to comply with SVSP's rules for grievances because it contained more than one issue. While Plaintiff claims that on October 27, 2004 he resubmitted the appeal containing only his deliberate indifference claim, the actual 602 appeal form lacks a received date stamp or other acknowledgment that it was received or processed by Defendants or other SVSP staff. In contrast, multiple stamps appear on the August 29, 2004 appeal form, which was acknowledged as having been received by SVSP prison officials. The Court notes that the memo attached to the October 27, 2004 appeal form has a received stamp, but that stamp appears to be traced and does not look like the received stamps on Plaintiff's August 29, 2004 appeal form. Furthermore, the declarations from SVSP prison officials state that there is no record that his October 27, 2004 602 appeal was ever received.

Even assuming that Plaintiff's October 27, 2004 appeal was received and did satisfy the requirements at the informal level of review, Plaintiff does not allege or establish that he exhausted the three remaining levels of review applicable to his claims. Plaintiff admits that after receiving no response to his appeal, he

11

filed complaints with Grannis, the Board and the CDCR.  Even after being directed to go through SVSP's administrative grievance process by Grannis, he did not do so.  Accordingly, the Court finds that Plaintiff failed to exhaust his deliberate indifference claim and his amended complaint must be DISMISSED WITHOUT PREJUDICE in its entirety.

## CONCLUSION

For the foregoing reasons,

1.  Defendants' Motion to Dismiss (docket no. 72) is GRANTED.  Plaintiff's amended complaint is DISMISSED WITHOUT PREJUDICE for failure to exhaust.  Plaintiff may refile his claim if he is able to exhaust his administrative remedies in compliance with Title 15 of the California Code of Regulations § 3084.

2.  Plaintiff's motion to submit exhibits in opposition to Defendants' motion to dismiss (docket no. 86) is GRANTED.

3.  The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions as moot, including the document entitled "Petitioner's Motion for Acknowledgment and/or Certificate of Service Receipts" (docket no. 82), and close the file.

4.  This Order terminates Docket nos. 72, 82 and 86.

IT IS SO ORDERED.

DATED: 3/31/08

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BROWN,

        Plaintiff,

v.

SALINAS VALLEY STATE PRISON et al,

        Defendant.

Case Number: CV05-01423 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 31, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sara Ugaz
Attorney General's Office
Correctional Law Section
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102

William Odessa Brown K-93463
CAL
P.O. Box 5002
Calipatria, CA 92233-5002

Dated: March 31, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk